JUDGE PETERS
delivered- the opinion op tiie court:
If appellant intended to repudiate the contract and avoid the notes by reason of her coverture, which she certainly could do, she should have surrendered the goods to appellees.
She selected and purchased the goods, gave her own notes for their price, and refused to surrender them to the administrator of her husband as a part of his personal estate, but claimed them as her own separate property, which she oould only do in virtue of her purchase of them, as the deed of her husband to Miss Warner, in trust for her benefit, only conveyed the furniture, paintings, table ware, and other personal property that was in her house at the time of their marriage, and all the personal property purchased by her subsequent to their marriage— which expression, “ purchased by her” should be interpreted to mean such personal property as was purchased and paid for by her.
This deed was executed after the goods were purchased from appellees, and after appellant had executed her notes for their price; and as no conveyance of the other property owned by her at their marriage was made, it is not improbable, and we feel authorized to presume, that the chief motive for making the deed was to secure these very goods to her, as she had purchased and undertaken to bind herself to pay for them.
We therefore concur with the court below in opinion, that, by refusing to surrender the goods to the administrator of decedent, J. S. Hunter, she rendered herself liable for the payment of their value, which, in absence of any proof to the contrary, should be fixed at the price which she agreed to pay for them; nor can we say that the court below erred in allowing interest on the price from the maturity of the notes.
Wherefore, the judgment is affirmed.