F. W. BONNIE ET AL. *v.* KATE RATHBORNE.

**Husband and Wife—Assumption of Husband's Debt.**

Where a wife has been declared a feme sole, and she promised to pay a debt contracted by her husband for property of which she is the beneficial owner, her undertaking is supported by sufficient consideration to render her liable for the debt, the husband's liability having terminated.

**Husband and Wife—Removal of Disability of Coverture.**

An act of a legislature making a married woman a feme sole for the transaction of business, must not be construed as permitting her to assume the husband's liabilities upon any other consideration than her normal obligations to pay them.

**Husband and Wife—Promise to Pay Husband's Debt.**

Where a wife has been invested with the powers of a feme sole, her promise to pay her husband's debt for property purchased by him, was held void for want of consideration, the husband's liability still existing.

APPEAL FROM JEFFERSON CHANCERY COURT.

June 11, 1874.

OPINION BY JUDGE PRYOR:

In the case of Mary C. Hunter v. Duvall, Ketchum & Co., 4 Bush 438, the purchase was made by the wife, who, at her husband's death, refused to deliver the property to his administrator, but retained the possession, claiming it as her own. Her husband's ad-

ministrator asserting no claim to the property, it was very properly adjudged that the wife, after his death, should not retain it without paying the vendor therefor.

In the present case the husband is living, and was, at the time the contract was made or the note executed, alone liable for the amount. The vendors of the property have a judgment against him for the debt; and the court is now asked to render a judgment against the wife, not on the original liability for which a judgment against the husband has already been obtained, but by reason of a promise made by the wife, after she was declared a *feme sole,* in a proceeding under the statute, to pay it. A moral obligation may exist upon the part of the wife, when the legal liability of the husband terminates, and the wife becomes, or was, in fact, the beneficial owner of the property, sufficient to support a promise to pay for it, made by the wife when she became a *feme sole;* but when the husband is alive, and not only originally, but still liable for the debt, as must be conceded in this case, it would be an anomalous proceeding to permit a judgment against the husband on the original indebtedness, and then a judgment against the wife upon a promise to pay this indebtedness. The act making her a *feme sole* must not be construed as permitting her to ever assume the husband's liabilities upon any other consideration than her moral obligation to pay. This doctrine, if maintained, would make the wife liable, upon a promise made, for all debts contracted by the husband from which the wife or family have derived certain benefits. The moral obligation exists as much in the one case as the other. The whisky could have been subjected as the husband's property, and was, in fact, his, and he alone was liable for it.

The action of the chancellor in declaring the wife competent to trade, etc., as a *feme sole,* can not prejudice the right of the husband's creditors in regard to property owned by him, or have the effect to place it under the control of the wife so as to defeat their claims. The original promise to pay, by the *feme covert,* was void, as well as the agreement alleged to have been made when she applied to the chancellor to vest her with the power to trade as a *feme sole.* The promise afterwards, to pay, is also void, as it is without consideration, the husband being still legally responsible for the debt.

No personal judgment can be rendered against the wife; and the court properly instructed the jury to find for her.

Judgment affirmed.

*A. G. Booth, for appellants.*

*Mundy & Parsons, for appellee.*